PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN SIMMONS, | ) | |
| | ) | CASE NO. 4:16CV1932 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| N.E.O.C.C.  MEDICAL  DEPARTMENT, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM  OF  OPINION  AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 6, 8] |

*Pro se* Plaintiff Alvin Simmons, currently a pretrial detainee at Northeast Ohio Correctional Center ("NEOCC"), has filed this *in forma pauperis Bivens* action against the NEOCC Medical Department and NEOCC Doctor Ruplka.  ECF No. 1.  On August 15, 2016, Plaintiff filed a supplemental pleading, which he titled as an Amended Complaint, to add NEOCC Counselor Ms. Grant and NEOCC Warden Christopher LaRose as Defendants.  ECF No. 3.  He filed a second supplemental pleading on September 6, 2016 to add as Defendants NEOCC Captain J. Condner, Unit Manager Latosia M. Austin, and Chief David Zemma.  ECF No. 4.  Plaintiff alleges that Defendants Ruplka and Grant may have discussed his medical condition with others in violation of his rights under the Health Insurance Portability and Accountability Act ("HIPAA").  ECF Nos. 1, 3.  He also alleges, generally, that his constitutional civil rights were violated when he was assaulted by Defendant Condner and a counselor (ECF No. 4-1), and contends that Defendants discriminated against African-American, gay inmates.  ECF Nos. 1, 3, 4.  He seeks monetary relief.  ECF No. 1.

(4:16CV1932)

## I.  Background

Plaintiff's pleadings are very brief and contain few facts.  They consist largely of general allegations that he is victimized due to his race and his sexual orientation.  He contends that Defendant Ruplka violated HIPAA by telling some officers that Plaintiff is HIV positive.  ECF No. 1 at PageID #: 3.  Plaintiff states that he had an appointment with Defendant Ruplka on June 26, 2016 where he thinks he overheard the doctor speaking to a female officer regarding his care. *Id.*  He also alleges that Defendant Grant told other inmates that Plaintiff is HIV positive.  ECF No. 3 at PageID #: 25.  Plaintiff states that Defendant Grant's disclosure put his life in danger which led to his move to protective custody.  *Id.*  He also states that he was assaulted by a counselor on July 19, 2016; however, he provides no details for this incident.  *Id.*  In addition, Plaintiff claims that Defendant Condner pulled a knife on him while he was in a lock box on August 25, 2016.  ECF No. 4-1 at PageID #: 36.  He contends that the assault was ordered by Defendant Austin because Plaintiff was loud in the law library.  *Id.*  Plaintiff states that he fell while in the lock box and hit his head, causing it to bleed.  *Id.*

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain

2

(4:16CV1932)

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*See Hill v. Lappin,, 470-71 (6th Cir. 2010)* (holding that the dismissal standard articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).  The factual

allegations in the pleading "must be enough to raise a right to relief above the speculative level . .

. on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Twombly*, 550 U.S. at 555.

### III.  Law and Analysis

Upon review, the Court finds that Plaintiff's case must be dismissed because, even

assuming the truth of Plaintiff's allegations, it does not plausibly suggest any viable federal civil

rights violation.

A.   HIPAA Violations

As an initial matter, Plaintiff cannot pursue a cause of action for violations of HIPAA.

HIPAA, 42 U.S.C. § 1320d-1,  provides both civil and criminal penalties for improper

disclosures of medical information.  42 U.S.C. §§ 1320 d-5, d-6.  However, "HIPAA does not

provide a private cause of action for improper disclosures of medical information, but rather

provides civil and criminal penalties which are enforced by the Department of Health and Human

Services." *Wood v. Byer*, No.5:06CV137,  2006 WL 3304053 (N.D. Ohio Aug. 9, 2006),

*adopted by*  2006 WL 3331229 (N.D. Ohio Nov. 13, 2006).  *See also Smart v. Haupt*, No. 5:14

CV 2471, 2015 WL 3540190, at *2 (N.D. Ohio June 4, 2015) (finding no plausible federal civil

rights claim for plaintiff's private cause of action alleging HIPAA violations); *Acara v. Banks*,

3

(4:16CV1932)

470 F.3d 569 (5th Cir. 2006) ("Every district court that has considered this issue is in agreement that [HIPAA] does not support a private right of action.") (citing cases)).

Accordingly, Plaintiff's HIPAA claims fail to state a claim and must be dismissed pursuant to 28 U.S.C. §1915(e).

B.   Civil Rights Violations

Although, Plaintiff does not specifically identify any other cause of action, he states that Defendants have violated his constitutional civil rights.  Plaintiff contends that Defendant Grant discussed his health situation in a manner that did not maintain confidentiality, which put his life in danger.  He claims Defendant Condner assaulted him with a knife while he was in a lock box on August 25, 2016, and this action was ordered by Defendant Austin because Plaintiff was loud in the law library.  He states he fell while in the lock box and hit his head, causing it to bleed.  It is possible Plaintiff intended to assert a claim for cruel and unusual punishment.

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Pretrial detainee claims, though they sound in the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners.  *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).  Fundamentally, the "'concept underlying the Eighth Amendment . . . is nothing less than the dignity of [hu]man[kind].'" *Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (quoting *Trop v. Dulles*,

4

(4:16CV1932)

356 U.S. 86, 100 (1958)).

Proving an Eighth Amendment claim requires that the Plaintiff make a showing of deliberate indifference. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)); *see also Estelle v. Gamble*, 429 U.S. 97 (1976).  Deliberate indifference has two components to it, the objective and the subjective components. *Harrison*, 539 F.3d at 518.  The objective component first demands a showing that the detainee faced a substantial risk of serious harm. *Id.*  The objective component is not met by proof of such a substantial risk of serious harm alone.  It further "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency" *Helling v. McKinney*, 509 U.S. 25, 36 (1993).  Therefore, the objective component of deliberate indifference is met upon a showing that a detainee faced a substantial risk of serious harm and that such a risk is one that society chooses not to tolerate.

As to the subjective component, Plaintiff must show that the Defendant had "a sufficiently culpable state of mind." *Harrison*, 539 F.3d at 518 (internal quotation marks omitted).  This state of mind is shown "where 'the official knows of and disregards'" the substantial risk of serious harm facing the detainee. *Id.* (quoting *Farmer*, 511 U.S. at 837).  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Direct evidence about a Defendant's knowledge is not necessary, but rather, the knowledge aspect of the subjective component can be inferred from the obviousness of the harm stemming from the risk. *See Hope*, 536 U.S. at 738.

5

(4:16CV1932)

Here, Plaintiff provides no facts to describe the incidents.  He simply states that the Defendants caused him harm.  He does not explain what actually occurred and what led up to each incident.  Without factual allegations, it is impossible for the Court to determine if the Defendants' behavior presented a substantial risk of serious harm to the Plaintiff or whether the Defendants actually possessed the requisite state of mind in committing the acts in question.  Plaintiff does not allege enough facts to plausibly suggest that the incidents rose to the level of a constitutional violation.

To the extent Plaintiff wanted to assert some other claim, he failed to adequately do so.  To meet minimum notice pleading requirements of Fed. R. Civ. P. 8, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  If Plaintiff intended to assert a claim other than one arising under the Fourteenth Amendment for cruel and unusual punishment, he did not satisfy the basic notice pleading requirements for that claim.

Accordingly, Plaintiff's constitutional civil rights claims fail to state a claim and must be dismissed pursuant to 28 U.S.C. §1915(e).

## IV.  Conclusion

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §1915(e).  Plaintiff's motion for leave to amend complaint (ECF No. 6) and motion for default judgment (ECF No. 8) are denied as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

(4:16CV1932)

       IT IS SO ORDERED.


  November 30, 2016                      /s/ Benita Y. Pearson

Date                                  Benita Y. Pearson

                                       United States District Judge

7